UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG SCHUB, et al., | ) 1: 05-CV-00559-AWI-SMS |
| | ) |
| Plaintiffs, | ) FINDINGS AND RECOMMENDATION TO |
| v. | ) GRANT PLAINTIFF'S MOTION TO |
| | ) REMAND ACTION TO STATE COURT AND |
| ERNEST MERRILL, et al., | ) FOR SANCTIONS (DOC. 5) |
| | ) |
| Defendants. | ) |
| | ) |
| _____ | ) |

Plaintiffs are proceeding with a civil action in this Court. A related action, <u>Ernest Merrill, et al., v. County of Madera, et al</u>, case number 1:05-CV-00195-AWI-SMS (related action), is also proceeding. The two matters were ordered related by Judge Coyle on June 28, 2005, in the present action, action number 1:05-CV-00559-AWI-SMS, and this action was reassigned to the undersigned Magistrate Judge. The matters have been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304. Pending before the Court is Plaintiff's motion to remand action number 1:05-CV-00559-AWI-SMS.

I. <u>Background</u>

On April 26, 2005, Defendants removed the instant action from the Madera County Superior Court, filing a notice of

1

removal. The complaint attached thereto (Exh. 1) was filed by Plaintiffs Craig Schub and Michelle Gillette, residents of Orange County, California, and owners of property that they purchased from Defendants in February 2003 in order to build a home and run a cattle operation thereon. (Id. at 1.) Defendants have an easement over Plaintiffs' property to use for a road into Defendants' adjoining property to facilitate residential and business activities on the property. Defendants are Ernest Merrill, an individual allegedly residing in Madera County, California, and his wife, Defendant Lila Merrill; Ernest Merrill was further alleged to be the president, shareholder, and alter ego of Defendants Dream Catcher Ranch, Inc. (DC) and Little Butte Cattle Company (LB), which were alleged to be purported to be Nevada corporations.

The claims stated were as follows: (1) Breach of Easement Agreement (failure to comply with terms of a written easement by engaging in unlawful, wrongful and dangerous grading of a road being built on Plaintiffs' property, improper use of the easement, and leaving debris); (2) Specific Performance; (3) Preliminary and Permanent Injunction; (4) Abatement of Nuisance (caused by the aforementioned conduct and by failing to comply with governmental regulations, which in turn caused the County of Madera to "red tag" the property and thereby to prevent Plaintiffs from using the roadway to serve their own property and from developing their own property); (5) Trespass; (6) Declaratory Relief (regarding the scope of the easement); (7) Termination of Easement; (8) Negligence (breach of duty created by regulations and law promulgated by Madera County, California

2

Department of Fish and Game, and other governmental agencies); and (9) Fraud (misrepresentation by Defendants at the time of purchase regarding Plaintiffs' property being buildable, gated, fenced, and secure).

In the body of the notice of removal, Defendants requested that the Court take judicial notice of all documents filed in the related action. They explained that in the related action, the Plaintiffs were the Merrills (Defendants here), who alleged that the County of Madera and other county-related defendants violated Plaintiffs' constitutional rights to be free from illegal interference with their right to contract pursuant to the United States Constitution, Art. I, § 10 (concerning the agreement between Schub/Gillette and the Merrills pursuant to which the Merrills are contractually obligated to complete grading and maintenance of the road over the Schub's property); to due process of law and to protection from unlawful takings of property, and to protections under the commerce clause and the First Amendment. In the related action, the Merrills asserted that the County of Madera wrongfully cancelled and/or refused the Merrills' applications for permits to grade the road, and that this refusal was based on the private purposes of the wife of Gary Gilbert, who is a defendant in the related action, a neighbor who did not want the property developed, and a Madera County Supervisor.

In the body of the notice of removal in the instant case, Defendants Merrill assert that the transaction or occurrence that forms the basis of the related action is the same as that which forms the basis of the present action. In the last sentence of

3

the notice of removal, Defendants ask the Court to join in this action the parties in the related action.

Defendants subsequently filed on May 23, 2005, in this action a motion to consolidate the two actions, to implead third party defendants (the County of Madera, Madera County Supervisor Gary Gilbert, and Madera County Planning Department employees Angela Basch and Mark Meyers); and to consolidate and join the parties in this case into case number CIV-F-05-0195 AWI SMS. A similar motion has been filed in the related case. These motions are not presently set for hearing.

On May 10, 2005, Plaintiffs filed a motion to remand and for sanctions. On May 23, 2005, a response to the motion was filed by Defendants. On June 6, 2005, a reply to the response was filed. On June 10, 2005, the hearing on the motion to remand and for sanctions was vacated pending the order relating cases. The Court on its own motion has set the motion for hearing. Subsequently the Court vacated the hearing because the matter was deemed suitable for decision without oral argument. On August 9, 2005, the matter was ordered submitted to the Court for consideration and for preparation of findings and recommendations by the Magistrate Judge and for decision by the District Judge after the passage of an appropriate time for the filing of objections and any reply thereto.

II. <u>Jurisdiction of the Magistrate Judge</u>

Title 28 U.S.C. § 636(b) provides in pertinent part:

> (1) Notwithstanding any provision of law to the contrary--
>     (A) a judge may designate a magistrate to hear
>     and determine any pretrial matter pending before
>     the court, except a motion for injunctive relief,
>     for judgment on the pleadings, for summary judgment,

4

```
              to dismiss or quash an indictment or information
              made by the defendant, to suppress evidence in a
              criminal case, to dismiss or to permit maintenance
              of a class action, to dismiss for failure to state
              a claim upon which relief may be granted, and to
              involuntarily dismiss an action. A judge of the
              court may reconsider any pretrial matter under
              this subparagraph (A) where it has been shown that
              the magistrate's order is clearly erroneous or
              contrary to law.
              (B) a judge may also designate a magistrate to
              conduct hearings, including evidentiary hearings,
              and to submit to a judge of the court proposed
              findings of fact and recommendations for the
              disposition, by a judge of the court, of any
              motion excepted in subparagraph (A), of applications
              for posttrial relief made by individuals convicted
              of criminal offenses and of prisoner petitions
              challenging conditions of confinement.
```

Fed. R. Civ. P. 72 provides in pertinent part:

(a) **Nondispositive Matters**. A magistrate judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter. Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

(b) **Dispositive Motions and Prisoner Petitions**. A magistrate judge assigned without consent of the parties to hear a pretrial matter dispositive of a claim or defense of a party or a prisoner petition challenging the conditions of confinement shall promptly conduct such proceedings as are required. A record shall be made of all evidentiary proceedings before the magistrate judge, and a record may be made of such other proceedings as the magistrate judge deems necessary. The magistrate judge shall enter into the record a recommendation for disposition of the matter, including proposed findings of fact when appropriate. The clerk shall forthwith mail copies to all parties.

The question presented is whether a motion to remand a

5

proceeding to state court is a nondispositive motion that a magistrate judge can determine, or a dispositive motion that a district judge must determine so that a magistrate judge may only issue findings and recommendations. Some of the circuit courts of appeals have held that motions to remand are dispositive, and thus a magistrate judge does not have jurisdiction to determine such a motion. The reasoning is that although such motions are not enumerated in § 636(b)(1)(A), they nevertheless are functionally the equivalent of a motion for involuntary dismissal because they determine that there will not be a federal forum available to entertain a particular dispute. Vogel v. U.S. Office Products Co., 258 F.3d 509, 514-17 (6th Cir. 2001) (noting a lack of decisions from other circuits); First Union Mortgage Corp. v. Smith, 229 F.3d 992, 994-97 (10th Cir. 2000); In re U.S. Healthcare, 159 F.3d 142, 145-46 (3d Cir. 1998). The Ninth Circuit Court of Appeals has not taken a position on whether or not a Magistrate Judge can rule on a motion to remand an action to state court. Some district courts have taken the position that a motion to remand is not dispositive and thus may be determined by a magistrate judge. See Bearden v. PNS Stores, Inc., 894 F. Supp. 1418, 1419 n. 1 (D. Nev. 1995). The present motion involves a determination of subject matter jurisdiction and, if granted, will terminate the availability of a federal forum. In an abundance of caution, the Magistrate Judge will thus proceed by way of findings and recommendations.

III. Analysis

    A. Title 28 U.S.C. § 1447(c) provides:

A motion to remand the case on the basis of any defect

6

```
        other than subject matter jurisdiction must be made
        within 30 days after the filing of the notice of
        removal under section 1446(a). If at any time before
        final judgment it appears that the district court lacks
        subject matter jurisdiction, the case shall be remanded.
        An order remanding the case may require payment of
        just costs and any actual expenses, including
        attorney fees, incurred as a result of the removal.
        A certified copy of the order of remand shall be
        mailed by the clerk to the clerk to the clerk of
        the State court. The State court may thereupon proceed
        with the case (emphasis added).
```

Plaintiffs are alleging a lack of subject matter jurisdiction; thus, their motion is thus timely because it was made before final judgment.

### B. General Principles of Removal and Remand

Title 28 U.S.C. § 1441 provides:

```
(a) Except as otherwise expressly provided by Act of
Congress, any civil action brought in a State court
of which the district courts of the United States
have original jurisdiction, may be removed by the
defendant or the defendants, to the district court
of the United States for the district and division
embracing the place where such action is pending.
For purposes of removal under this chapter, the
citizenship of defendants sued under fictitious
names shall be disregarded.

(b) Any civil action of which the district courts have
original jurisdiction founded on a claim or right
arising under the constitution, treaties or laws
of the United States shall be removable without
regard to the citizenship or residence of the parties.
Any other such action shall be removable only if none
of the parties in interest properly joined and served
as defendants is a citizen of the State in which such
action is brought.
```

Thus, only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant; otherwise, federal question jurisdiction is required. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). The time for testing federal question jurisdiction is the time of removal.

7

Metro Ford Truck Sales, Inc. v. Ford Motor Co., 145 F.3d 320, 326-27 (5th Cir. 1998).

The statute regarding removal is strictly construed against removal jurisdiction, and federal jurisdiction must be rejected if there is any doubt as to the right of removal; the removing defendant bears the burden of establishing that removal is proper by proving facts sufficient to establish jurisdiction by a preponderance of the evidence. Gaus v. Miles, Inc., 980 F.2d 564, 566-67 (9th Cir. 1992); Sanchez v. Monumental Life Ins. Co., 95 F.3d 856, 861-62 (9th Cir. 1996).

### C. Determination of Jurisdiction

In their opposition to the motion to remand, Defendants do not argue that this Court originally had jurisdiction. Instead, they argue that the Court should consolidate the two actions pending in this Court and should implead the County of Madera and its employees. However, § 1441 permits removal only of a civil action brought in a state court of which the district courts of the United States have original jurisdiction. Jurisdiction is a measure of judicial power; if the Court lacked jurisdiction at the time of removal, then given the lodging of Plaintiff's objection to removal jurisdiction, the Court is not empowered at this point to order consolidation or joinder because absent removal jurisdiction, it lacks the power to make orders affecting the procedural or substantive aspects of the case. See Stock West Corp. v. Taylor, 964 F.2d 912, 917 (9th Cir. 1992) (holding that in the absence of jurisdiction (there diversity) at the time of removal, the Court later lacked the power to enter an abstention order or to rule on the merits of an immunity defense).

The determination of subject matter jurisdiction for the purposes of this motion to remand must be made on the basis of the facts as they existed as of the time the notice of removal was filed. Pullman Co. v.Jenkins, 305 U.S. 534, 537 (1939) (diversity, separable controversy, jurisdiction to be determined at the time of the filing of the petition for removal, and not on the basis of a later-filed amended complaint). The presence of a counterclaim which the defendant may raise will not create diversity jurisdiction because in the absence of a specific statutory exception, a federal court can exercise removal jurisdiction over a case only if it would have had jurisdiction over it as originally brought by the plaintiff. See Snow v. Ford Motor Co., 561 F.2d 787, 789 (9th Cir. 1977) (amount in controversy).

Further, it is established that to the extent that subject matter jurisdiction is based on federal question jurisdiction, the issue is governed by "well pleaded complaint rule," whereby in the absence of jurisdiction based on diversity of citizenship, and further assuming that there is not complete federal preemption, federal jurisdiction exists only if a federal question is affirmatively and distinctly presented on the fact of the plaintiff's properly pleaded complaint. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987); Westinghouse Electric Corp. v. Newman & Holtzinger, P.C., 992 F.2d 932, 934, 937 (9th Cir. 1993). Defendant may not inject a federal element not pleaded in order to create federal question jurisdiction; a right or immunity created by the Constitution or laws of the United States must be an essential element of the plaintiff's cause of action.

1  <u>Franchise Tax Board v. Construction Labrorers Vacation Trust</u>, 463
2  U.S. 1, 11 (1983); <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. at
3  399; <u>Karambelas v. Hughes Aircrat Co.</u>, 992 F.2d 971, 974-75 (9th
4  Cir. 1993). Federal question jurisdiction may not be created by
5  the presence of a federal defense. <u>Franchise Tax Board v.
6  Construction Labrorers Vacation Trust</u>, 463 U.S. at 10-12.
7       Further, the fact that there may be a related action brought
8  by the Defendants in this action that might involve a federal
9  question does not render this action, which is pleaded as an
10 action involving only state-law claims, one within the subject
11 matter jurisdiction of this Court. Section 1441 requires that the
12 district court have original jurisdiction over an action before
13 it may be removed pursuant to § 1441. <u>Syngenta Crop Protection,
14 Inc. v. Henson</u>, 537 U.S. 28, 34 (2002) (holding that ancillary
15 jurisdiction over a controversy does not provide the original
16 jurisdiction required for removal under § 1441). The existence of
17 the other action does not confer original jurisdiction over the
18 instant action. Absent a subsequent decision on the merits, a
19 post-removal amendment that adds a valid federal claim does not
20 cure lack of removal jurisdiction at the time of removal. <u>Libhart
21 v. Santa Monica Dairy Co.</u>, 592 F.2d 1062, 1065 (9th Cir. 1979).
22 A <u>fortiori</u>, Defendants' mere assertion of a desire to consolidate
23 the cases or to amend pleadings to include parties involved in
24 the other case does not suffice to render this action removable
25 at the time the notice of removal was filed. In the present case,
26 Plaintiffs, who filed the motion to remand within fifteen days of
27 the date of removal, have timely objected to the removal. This is
28 not a case in which the Defendants validly asserted a federal

counterclaim to which the Plaintiffs failed to object before the case proceeded to a decision on the merits.

### D. Asserted Bases of Jurisdiction

Applying the principles set forth above, the asserted bases of jurisdiction must be reviewed. In the notice of removal, Defendants asserted that the Court had jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1335, 1367(a), 1397, 1441(a) through (c), and 1446.

Title 28 U.S.C. § 1331 provides that district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. Section 1441 provides that any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States shall be removable without regard to the citizenship or residence of the parties. A claim arises under federal law if federal law creates the claim or if the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. Franchise Tax Board v.Construction Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983). The complaint contains no claim arising under the Constitution, laws, or treaties of the United States. Thus, this Court has no federal question jurisdiction over the instant action.

Title 28 U.S.C. § 1332(a)(1) provides that the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. It is the burden of the defendants to allege

11

the jurisdictional facts necessary for diversity jurisdiction. Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992). For diversity purposes, a person is a citizen of the state in which the person is domiciled; a domicile is defined to include physical presence at a given location of residence coupled with an intent to remain there indefinitely. Lew v. Moss, 797 F.2d 747, 749 (9th Cir. 1986).

Here, the complaint alleges that Plaintiffs and Defendant Ernest Merrill are residents of Madera County, California, and that they use the same address as the DC and LB enterprises in Madera County. Taking judicial notice of the unverified complaint in the related action,[1] the Merrills there allege that in 2002 they purchased a mobile home to place on their property in Madera County, they sought to put a deck on that home, and that they intend to make that property their permanent residence. (Complt. at 2, 5 ,9.) The Defendants have not alleged or supplied facts showing that they are domiciled in a state other than California.

Thus, Defendants have not shown subject matter jurisdiction based on diversity of citizenship pursuant to § 1332.

Likewise, Defendants have not shown subject matter jurisdiction based on 28 U.S.C. § 1335, which provides for jurisdiction in district courts of civil actions that involve claimants of diverse citizenship "as defined in section 1332," and that are actions of interpleader or in the nature of interpleader, which involves adverse claimants to a single

---

[1] Defendants' request that the Court take judicial notice of the pleadings in the related action is granted in part; the Court takes notice of the complaint and of the docket in the related case. United States ex. rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992).

12

instrument or piece of property that is deposited with the Court. There is neither diverse citizenship nor interpleader involved in this case.

There is no jurisdiction shown pursuant to § 1367(a), which provides in pertinent part that in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. The problem, as previously set forth, is that in the present action, no original jurisdiction has been established.

Defendants have not established jurisdiction pursuant to 28 U.S.C. § 1397, which provides that a civil action of interpleader or in the nature of interpleader under § 1335 may be brought in the district in which one or more claimants resides. As previously noted, this is not an action under § 1335.

Likewise, Defendants have not established jurisdiction pursuant to the removal statutes. Title 28 U.S.C. § 1441(c) provides:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

As previously discussed, within this action there is joined no separate and independent claim or cause of action within the jurisdiction conferred by § 1331. Thus, § 1441 does not confer jurisdiction.

1    Likewise, § 1446 deals exclusively with the procedural
2 mechanism for removal; it is not a basis of jurisdiction.
3    In summary, Defendants have not demonstrated that this Court
4 had subject matter jurisdiction over the instant action at the
5 time of removal. Thus, Plaintiffs' motion to remand the action to
6 state court should be granted.
7    IV. <u>Attorney's Fees</u>
8    An order remanding a case may require payment of just costs
9 and any actual expenses, including attorney fees, incurred as a
10 result of the removal. 28 U.S.C. § 1447(c). An award of fees is
11 in the Court's discretion and may be made in the absence of a
12 finding that a party proceeded in bad faith, <u>Moore v. Permanente</u>
13 <u>Medical Group, Inc.</u>, 981 F.2d 443, 446 (9th Cir. 1992); fees may
14 even be awarded where the removal was fairly supportable and yet
15 wrong as a matter of law. <u>Balcorta v. Twentieth Century-Fox Film</u>
16 <u>Corp.</u>, 208 F.3d 1102, 1108 (9th Cir. 2000). Such an award will be
17 reversed only if it was based on a clearly erroneous finding of
18 fact, or if the district court wrongly determined that the case
19 should be remanded to state court. <u>Id.</u> at 1105. The Court, in is
20 discretion, makes an equitable determination whether plaintiffs
21 should be forced to bear their own costs or whether costs should
22 be shifted to the defendant; any attorney's fees awarded must be
23 reasonable. See <u>Braco v. MCI Worldcom Communications, Inc.</u>, 138
24 F.Supp.2d 1260, 1270 (C.D.Cal. 2001). The term "just costs"
25 includes fees incurred in bringing the motion to remand and is
26 limited to costs that were incurred in federal court that would
27 not have been incurred had the case remained in state court.
28 <u>Tenner v. Zurek</u>,  168 F.3d 329, 330 (7th Cir. 1998).

    Here, Plaintiffs' counsel, John G. Michael, declared under penalty of perjury that his normal hourly rate is $285.00, and that this rate is reasonable and customary in the community given his level of experience and expertise. He spent 11.2 hours researching, analyzing, and reviewing Defendants' removal documents, pleadings, and motion for interpleader and joinder of parties to the related case, as well as preparing the motion for remand and for sanctions, including the supporting papers. He spent 3.1 hours reviewing and analyzing Defendants' opposition to the motion to remand and preparing the reply papers. He anticipates spending two more hours preparing for and attending the hearing, for a total of 16.3 hours on the motion.

    Given the lack of a showing of an arguable basis of jurisdiction, the Court concludes that Plaintiff should not be forced to bear their own costs. The hourly rate and hours claimed by counsel for the tasks described are reasonable. The Court concludes that fees should be awarded for 14.3 hours because no time will be spent on preparation for and attendance at the hearing. Accordingly, the reasonable amount of attorney's fees to be awarded is $4,075.50.

V. <u>Recommendation</u>

    Accordingly, it IS RECOMMENDED that

    1. Plaintiffs' motion to remand the action to the Madera County Superior Court BE GRANTED; and

    2. Plaintiffs' motion for attorney's fees in the amount of $4,075.50 BE GRANTED; and

    3. The action BE ORDERED remanded to the Superior Court for the County of Madera.

1  This report and recommendation is submitted to the United
2 States District Court Judge assigned to the case, pursuant to the
3 provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the
4 Local Rules of Practice for the United States District Court,
5 Eastern District of California. Within thirty (30) days after
6 being served with a copy, any party may file written objections
7 with the Court and serve a copy on all parties. Such a document
8 should be captioned "Objections to Magistrate Judge's Findings
9 and Recommendations." Replies to the objections shall be served
10 and filed within ten (10) <u>court</u> days (plus three days if served
11 by mail) after service of the objections. The Court will then
12 review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636
13 (b)(1)(C). The parties are advised that failure to file
14 objections within the specified time may waive the right to
15 appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d
16 1153 (9th Cir. 1991).

17

18 IT IS SO ORDERED.

19 **Dated:     August 11, 2005                   /s/ Sandra M. Snyder**
   icido3                              UNITED STATES MAGISTRATE JUDGE