UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

```
CRAIG SCHUB, et al.,           ) 1: 05-CV-00559-AWI-SMS
                               )
            Plaintiffs,        ) ORDER ADOPTING FINDINGS AND
                               ) RECOMMENDATIONS (DOC. 16) TO
                               ) GRANT PLAINTIFF'S MOTION TO
    v.                         ) REMAND ACTION TO STATE COURT AND
                               ) FOR SANCTIONS (DOC. 5)
                               )
ERNEST MERRILL, et al.,        ) ORDER DIRECTING PAYMENT OF
                               ) ATTORNEY'S FEES
            Defendants.        )
                               ) ORDER REMANDING THE ACTION TO THE
                               ) MADERA COUNTY SUPERIOR COURT
```

Defendants removed this action for damages from the Madera County Superior Court. Pending before the Court is Plaintiffs' motion to remand the action to state court. The motion to remand was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

On August 12, 2005, the Magistrate Judge filed findings and recommendations that recommended Plaintiffs' motion to remand the action to state court and for an award of sanctions (attorney's fees) be granted. The findings and recommendations were served on all parties and contained notice that any objections to the findings and recommendations were to be filed within thirty (30) days of the date of service of the order. Defendants filed timely objections to the findings and recommendations on August 18,

1

1  2005; Plaintiffs filed a timely reply to the objections on August
2  22, 2005.
3       In accordance with the provisions of 28 U.S.C. § 636
4  (b)(1)(C) and <u>Britt v. Simi Valley United School Dist.</u>, 708 F.2d
5  452, 454 (9th Cir. 1983), this Court has conducted a *de novo*
6  review of the case. Having carefully reviewed the entire file,
7  the Court finds that the report and recommendation are supported
8  by the record and proper analysis.  The undersigned has
9  considered the objections and reply and has determined there is
10 no need to modify the findings and recommendations based on the
11 points raised in the objections and reply.
12      Any civil action commenced in state court is removable **if** it
13 might have been brought originally in federal court.  28 U.S.C. §
14 1441(a).  Removal statutes are strictly construed against
15 allowing removal jurisdiction. <u>Boggs v. Lewis</u>, 863 F. 2d 662,
16 663 (9th Cir. 1988). "Federal jurisdiction must be rejected if
17 there is any doubt as to the right of removal in the first
18 instance." <u>Gaus v. Miles, Inc.</u>, 980 F. 2d 564, 566 (9th Cir.
19 1992).  In the objections, Defendants contend, as they did
20 before the Magistrate Judge, that the claims in the current
21 action are related to case CV F-05-0196 AWI SMS, where Defendants
22 contend Madera County and others violated Defendants civil
23 rights.  Defendants contend that Madera County and others'
24 conduct, as alleged in CV F-05-0196 AWI SMS, have caused the
25 state law violations alleged in this action.
26      Defendants do not disagree with the Magistrate Judge's
27 finding that this action contains no federal claims.  Rather,
28 Defendants contend this action is related to CV F-05-0196 AWI

SMS, over which this court does have federal question subject matter jurisdiction.  That a state court case is closely related to an action pending in federal court is not grounds for removal to federal court. See <u>Syngenta Crop Protection, Inc. v. Henson</u>, 537 US 28, 34 (2002); <u>Motion Control Corp. v. SICK, Inc.</u>, 354 F3d 702, 705 (8th Cir. 2003).  For both removal and original jurisdiction, the federal question must be presented by plaintiff's complaint as it stands at the time of removal. Removal cannot be based on a counterclaim, cross-claim or third party claim raising a federal question, whether filed in state or federal court.  Otherwise, defendants could manipulate removal jurisdiction.  See <u>Metro Ford Truck Sales, Inc. v. Ford Motor Co.</u>, 145 F3d 320, 327 (5th Cir. 1998).  Thus, the court has no jursidiciton over the current action merely because it is related to Defendants' claims that third parties have violated their civil rights.

    Accordingly, IT IS HEREBY ORDERED that:

    1. The findings and recommendation filed August 12, 2005, are ADOPTED IN FULL; and

    2. Plaintiffs' motion for sanctions (attorney's fees) IS GRANTED, and Defendants SHALL PAY to Plaintiffs $4,075.50 in fees; and

    3. Plaintiffs' motion to remand the action to state court IS GRANTED, and the action IS ORDERED REMANDED to the Madera County Superior Court.

IT IS SO ORDERED.

**Dated:    August 29, 2005**          /s/ Anthony W. Ishii
0m8i78                                 UNITED STATES DISTRICT JUDGE